NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0311n.06
Filed: May 4, 2006

No. 04-4492

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

HAWA KONATE,                                )
                                            )
        Petitioner,                         )
                                            )        ON APPEAL FROM THE
v.                                          )        UNITED STATES BOARD OF
                                            )        IMMIGRATION APPEALS
ALBERTO GONZALES,                           )
                                            )            MEMORANDUM
        Respondent.                         )             OPINION

BEFORE:  NORRIS, SUHRHEINRICH, and ROGERS, Circuit Judges.

**PER CURIAM.**  Hawa Konate petitions for review of a decision by the Board of

Immigration Appeals ("Board") summarily affirming an immigration judge's decision to deny

asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et*

*seq.*, and relief under the Convention Against Torture.

Petitioner, who is a citizen of the Republic of Congo, fled her native country and arrived in

the United States carrying the passport of her cousin.  While she concedes that she is removable, she

filed an untimely application for asylum based upon her family's alleged persecution in the Congo

by a militia group aligned with a political party at odds with a party supported by her adoptive

father.  According to her testimony, petitioner was abducted from the family home by militiamen

in January 2000.  She was taken to their camp where she was questioned about her father's activities,

raped, and beaten.  Two weeks later, she escaped and made her way, first to Mali, and then to the

No. 04-4492
Konate v. Gonzales

United States, arriving in July 2000. In addition to these events, petitioner advances a claim for asylum based upon her fear that her daughter, who was born in the United States, will be subjected to female genital mutilation, as was petitioner as a child, if she returns with her mother to her homeland.

This court has jurisdiction to review the final decision of the Board "affirming the [immigration judge's] denial of asylum, withholding of removal, and relief under the Convention against Torture." *Singh v. Ashcroft*, 398 F.3d 396, 400 (6th Cir. 2005); 8 U.S.C. § 1252. If the Board affirms the immigration judge's decision without opinion or adopts its reasoning, then we review the immigration judge's decision directly. *Singh*, 398 F.3d at 401; *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003).

"We review administrative findings of fact, such as whether an alien qualifies as a refugee, under the substantial evidence standard, keeping in mind that such findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Singh*, 398 F.3d at 400 (quoting *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). Credibility determinations, likewise, are afforded substantial deference. *Vasha v. Gonzales*, 410 F.3d 863, 869 (6th Cir. 2005). The immigration judge's denial of withholding of removal is also reviewed under the substantial evidence standard. *Allabani v. Gonzales*, 402 F.3d 668, 674 (6th Cir. 2005).

We have reviewed the transcript of the removal hearing conducted by the immigration judge with care and have given a similar degree of attention to petitioner's brief to this court. As with many asylum applicants, we are sympathetic to petitioner's situation and recognize that removal

to her native country will cause hardship to her and to her family.  That said, substantial evidence exists to support the immigration judge's decision denying relief: it identifies inconsistencies in petitioner's testimony that undermine her credibility, relies upon the relevant country reports issued by the State Department to discount petitioner's fear of female genital mutilation, and, finally, explains why petitioner has an insufficient fear of political persecution or torture were she to return to her homeland to justify relief.

The petition for review is **denied** based upon the Oral Decision of the immigration judge dated January 16, 2004.